**Seth H. Row, OSB #02184**
Email:  serve.shr@hklaw.com
**Joel P. Leonard, OSB #96081**
Email:  serve.jpl@hklaw.com
**Courtney C. Dippel, OSB #02291**
Email:  serve.ccd@hklaw.com
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon 97204
Telephone:  (503) 243-2300
Facsimile:  (503) 241-8014
  Attorneys for Defendant Mercury International Trading Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ADIDAS AMERICA, INC. and ADIDAS-SALOMON AG,<br><br>Plaintiffs,<br><br>v.<br><br>KMART CORPORATION; FOOTSTAR, INC.; MERCURY INTERNATIONAL TRADING CORP.; ELAN IMPORTS CO., INC.; NEXTTEC INTERNATIONAL, INC.; and INNOVATIVE CUSTOM BRANDS INTERNATIONAL, INC.,<br><br>Defendants. | Case No. CV05-00120-ST<br><br>DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT AGAINST MERCURY FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE |

Defendant Mercury International Trading Corporation ("Mercury") submits this

memorandum of points and authorities in support of its motion to dismiss the above captioned

action for lack of personal jurisdiction and for improper venue.

**INTRODUCTION**

Mercury, a Massachusetts company, has no contacts with Oregon and little to nothing to

do with this case.  Mercury is a small, 21 employee buying agency in Attleboro, Massachusetts

that assists footwear companies in obtaining shoes from overseas manufacturers.  Mercury has

no customers, offices, employees or agents in Oregon.  Mercury has never done business in

Oregon and has never done business with an Oregon customer. Furthermore, any tangential relationship Mercury may have with the products in this case results from a transaction between Mercury in Massachusetts and Meldisco, a subsidiary of Defendant Footstar, located in New Jersey.

This case began over a year ago as a trademark dispute between shoe manufacturer adidas and shoe retailers Kmart and Footstar and has already progressed through filing of summary judgment motions and expert reports. Apparently displeased with how the case was proceeding, adidas filed its Third Amended Complaint in an attempt to add any entity, whether properly a party or not, it believed was somehow involved with the subject shoes. Mercury was one of those entities. This Third Amended Complaint, however, fails to allege what contacts Mercury has to Oregon or even to the allegedly infringing shoes. Regardless of adidas' failure to properly allege jurisdiction over Mercury, it is clear that Mercury has no contacts in Oregon and is not subject to jurisdiction here, either generally or in connection to the allegedly infringing shoes.

Because this Court lacks jurisdiction over Mercury, and because venue in Oregon is improper as to any portion of this action against Mercury, Mercury respectfully requests this Court dismiss any and all claims against Mercury.

## FACTUAL BACKGROUND

This case involves a trademark dispute over shoes. In January 2005 Plaintiffs adidas America, Inc. and adidas-Salomon AG (collectively, "adidas"), sued Defendants Kmart Corporation ("Kmart") and Footstar, Inc. ("Footstar") for allegedly infringing adidas' "three-stripe" trademark. After multiple expert reports and several rounds of summary judgment filings, Plaintiffs have amended their complaint to add a number of other entities, including Mercury. The Plaintiffs, incorporated in Germany and Delaware and with principal places of

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST MERCURY

business in Germany and Oregon, accuse Mercury, a Massachusetts corporation, of trademark infringement, dilution, and unfair competition.

Mercury has no contacts with Oregon, either in its business generally, or in connection with the allegedly infringing shoes.

## I.    MERCURY HAS NO GENERAL CONTACTS WITH OREGON.

### A.    Mercury's Buying Agent Business Has No Connection To Oregon.

Mercury's primary business is as an independent buying agent for clients who wish to purchase shoes from overseas manufacturers. (Declaration of Louis R. Rotella ("Rotella Dec."), ¶ 3). Mercury is a Massachusetts corporation, with its sole place of business in Attleboro, Massachusetts. (Rotella Dec., ¶ 2).

Mercury has no contacts with Oregon. (Rotella Dec., ¶ 8). Mercury conducts no business in Oregon. Id. Mercury is not registered to conduct business in Oregon. Id. Mercury has no offices or employees in Oregon. Id. Mercury has never had offices or employees in Oregon. Id. Mercury's employees have not traveled to Oregon on business. Id. Mercury owns no bank accounts or property in Oregon. Id. Mercury has never paid taxes in Oregon. Id. Mercury does not employ any sales agents in Oregon. Id. Mercury has no customers in Oregon. Id. Mercury does not advertise in Oregon. (Rotella Dec., ¶ 9). Over at least the past nineteen (19) years, Mercury has had no customers in Oregon. (Rotella Dec., ¶¶ 5, 7). Mercury is not aware of any Oregon customers prior to this period. (Rotella Dec., ¶ 5).

### B.    Mercury's Shoe Sales Business Has No Connection To Oregon.

90-95% of Mercury's business is as an independent buying agent for its clients. (Rotella Dec., ¶ 6). On certain limited occasions Mercury sells a small number of shoes on a wholesale basis—but has never done so in Oregon. (Rotella Dec., ¶ 6). Mercury has no business outside of these two areas. Id. Mercury has never shipped shoes into Oregon, sold shoes in Oregon, sold

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST
MERCURY

shoes to an Oregon customer nor offered to sell shoes to an Oregon customer.  Id.  None of the

accused infringing shoes in this case were shoes owned or sold by Mercury.  Id.  Mercury's sole

connection to this case is as a buying agent for Meldisco/Footstar.  Id.

### C. Mercury Does Not Advertise in Oregon.

Mercury does not advertise in Oregon.  Mercury does not operate a web site advertising

its products or services, nor does it sell its products through a catalogue.  (Rotella Dec., ¶ 9).  A

fortiori, no such promotional materials would have reached anyone in Oregon, and certainly not

deliberately.

## II. MERCURY HAD NO CONTACT WITH OREGON DURING THE ACTIVITIES RELEVANT TO THIS CASE.

Although Mercury did act as the buying agent for certain models of the accused

infringing shoes, none of Mercury's activities related to those shoes occurred in Oregon.  All of

Mercury's business transactions relevant to these accused shoes were among non-Oregon or

overseas entities as explained below:

### A. None of Mercury's Actions Took Place In, Or Were Directed To, Oregon.

Mercury acted as the buying agent to Meldisco, a division of Defendant Footstar, Inc.

("Footstar").  (Rotella Dec., ¶ 10).  All contacts between Mercury and Meldisco throughout this

process were between persons located at Footstar's principle place of business in Mahwah, New

Jersey and Mercury employees in Massachusetts or between Meldisco and Mercury employees at

trade shows in Las Vegas, Nevada.  Id.  Mercury assisted Meldisco in designing the shoes to

Meldisco's specifications.  (Rotella Dec., ¶ 11).

Once Meldisco had approved the design and placed an order, Mercury forwarded the

order to a vendor, MFG Trading Ltd. ("MFG") in Hong Kong, who then transmitted the orders to

a number of shoe manufacturers in China.  Id.  The manufacturers made the shoes, and

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST
MERCURY

transferred them to MFG. Id. MFG then transferred the shoes to Meldisco's shipping agent in China, Maersk Logistics, at a port in China. Id. Title on the shoes passed from MFG to Meldisco in China when Meldisco's shipping agent accepted the shoes. Id. The shipping agent then placed the shoes on ships for transfer to the United States. Id. The shoes were delivered F.O.B. China when they were delivered to Meldisco's shipping agent, and MFG invoiced Meldisco for the cost of the shoes at this point. Mercury also invoiced Meldisco for its fees at the same time. Id. The shoes were then directed to be shipped to either California or South Carolina as determined by Meldisco. Id.

### B. Mercury Never Had Title To Or Control Over the Subject Shoes.

At no point in the above process did Mercury have title to or control over the shoes. (Rotella Dec., ¶ 12). The actual transfer of title was between MFG and Meldisco/Footstar. Id. Mercury merely acted as a buying agent, and was paid for its services as an agent. Id. Mercury's obligations terminated once the shoes were F.O.B. at the port in China, and Mercury invoiced for its fees once the transfer between MFG and Meldisco/Footstar occurred. Id. From that point onward, Meldisco/Footstar owned the shoes and could dispose of them as it wished. (Rotella Dec., ¶ 14). Mercury was informed by Meldisco that the shipments of the allegedly infringing shoes were sent from China to facilities in either California or South Carolina. (Rotella Dec., ¶ 13). Mercury has no specific knowledge of what Meldisco did with the shoes, or how Meldisco may or may not have distributed them throughout the United States. (Rotella Dec., ¶ 14).

### ARGUMENT

Mercury does not belong in this case. Mercury was only a buying agent for a portion of the allegedly infringing shoes and never took any action that would subject it to personal jurisdiction in Oregon. Mercury is so far removed from Oregon, both generally and in relation to

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST
MERCURY

this case that adidas' attempt to add Mercury seems designed solely to harass Mercury or to disrupt the relationship between Mercury and its customer, Defendant Footstar.

As Mercury has no contacts with Oregon, either in general or specific to this case, the action against it should be dismissed for lack of personal jurisdiction and improper venue.

## I.    THERE IS NO PERSONAL JURISDICTION OVER MERCURY.

### A.    adidas' Pleadings Fail To Assert Jurisdiction Over Mercury.

As a threshold matter, adidas' pleadings fail to assert sufficient grounds for this Court to exercise personal jurisdiction over Mercury.  In its Third Amended Complaint adidas fails to specify on what grounds it alleges personal jurisdiction over Mercury (general or specific), but instead lumps Mercury in with the other "Defendants."  (3d Amended Compl., ¶ 4).  This nebulous allegation is insufficient to establish personal jurisdiction over Mercury, as "[c]ourts have . . . routinely granted 12(b)(2) motions for lack of personal jurisdiction where the plaintiff made only broad worded and vague allegations about a defendant's participation in the specific matter at hand." Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc., 165 F. Supp. 2d 514, 544 (S.D.N.Y. 2001), quoting Karabu Corp. v. Gitner, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998).

Although the complaint is unclear, it appears that adidas alleges that Mercury is committing tortious acts within Oregon under Oregon's long-arm statute, Or. R. Civ. P. 4C.  This statute is co-extensive with the bounds of due process.  See Gray & Co. v. Firstenberg Mach. Co., Inc., 913 F.2d 758, 760 (9th Cir. 1990); Or. R. Civ. P. 4L.  To satisfy due process, however, adidas must show that Mercury has the requisite minimum contacts with the forum state.  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

adidas bears the burden of proof.  "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST
MERCURY

appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Accordingly, adidas must prove the necessary jurisdictional facts. Flynt Dist. Co. v. Harvey, 734

F.2d 1389, 1392 (9th Cir. 1984). As discussed in detail throughout this memorandum, adidas

cannot make the necessary showing as Mercury lacks any connection with Oregon.

### B.    Mercury Is Not Subject To General Jurisdiction In Oregon.

Mercury has no general contacts with Oregon and is therefore not subject to jurisdiction

here. General jurisdiction over a non-resident defendant is rarely found in the Ninth Circuit.

Amoco, 1 F.3d at 851 n.3. See also Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163 , 1172

(9th Cir. 2006), quoting Amoco, 1 F.3d at 851 n.3 ("[t]he Supreme Court has upheld general

jurisdiction only once"); Schwarzenegger, 374 F.3d at 801 (general jurisdiction is "an exacting

standard"). In order for general jurisdiction to be appropriate, Mercury's contacts with Oregon

must be substantial or continuous and systematic, and jurisdiction must be reasonable. Amoco, 1

F.3d at 851 & n.3. None of these factors are met here. Even if they were, substantial activity

does not give rise to general jurisdiction without property, employees or other connections with

the forum state, all of which Mercury lacks. See id. Even in the face of substantial contacts

general jurisdiction is rarely found. See, e.g., Congoleum Corp. v. DLW Aktiengesellschaft, 729

F.2d 1240, 1242 (9th Cir. 1984). ("no court has ever held that the maintenance of even a

substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated

cause of action.").

There is no question that Mercury lacks the heavy continuous presence in Oregon

necessary to justify general jurisdiction. Mercury does no business in Oregon. (Rotella Dec., ¶

8). It owns no property in Oregon. Id. It has no employees or offices in Oregon (nor has it ever

had such employees or offices), and it is not registered to do business in Oregon. Id. Its

employees have not traveled to Oregon on business. Id. Mercury owns no bank accounts or

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S
                MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST
                                                                    MERCURY

property in Oregon, nor has it paid taxes in Oregon.  Id.  It has never had a customer here.

(Rotella Dec., ¶¶ 5-6, 8).  In short, there is no general jurisdiction over Mercury.

### C.    Mercury Is Not Subject To Specific Jurisdiction In Oregon.

Mercury's actions relevant to this case have no connection to Oregon and cannot give rise

to specific jurisdiction.  In the Ninth Circuit, a District court may exercise specific jurisdiction

over a nonresident defendant if:

1. The nonresident defendant does some act or consummates some transaction with the forum or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

2. The claim is one which arises out of or results from the defendant's forum-related activities; and

3. Exercise of jurisdiction is reasonable.

Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).  Mercury's activities fall well

short of these criteria.

#### 1.    Mercury Did Not "Purposefully Avail" Itself of Conducting Activity in Oregon.

a.    Mercury's Actions as a Buying Agent to a New Jersey Company Do Not Establish Personal Jurisdiction in Oregon.

As discussed above, Mercury does not engage in any activity in Oregon.  Similarly, in

acting as a broker between overseas vendors and Defendant Meldisco/Footstar, Mercury did not

"purposefully avail" itself of the privilege of conducting activities with Oregon.  Mercury never

took title to the allegedly infringing shoes, and its involvement ended when the shoes were

placed on the ships at Chinese ports, long before they entered the United States, much less

Oregon.  Mercury did not know where Meldisco might distribute the shoes after shipment, nor

did it have any legal right to control where the shoes would be shipped or distributed.  (Rotella

Dec., ¶¶ 10-14).  Mercury cannot be said to have "purposefully availed" itself of Oregon's laws

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST
MERCURY

by facilitating the sale of shoes from an overseas manufacturer to a distributor who imported the shoes into California and South Carolina. See, e.g., Gray & Co. v. Firstenberg Mach. Co., Inc., 913 F.2d 758 (9th Cir. 1990) (failing to find jurisdiction in Oregon over an out of state sales agent).

Indeed, Gray is quite instructive to the present case. There, Gray & Company, an Oregon corporation, contacted Firstenberg Machinery Company, a California corporation, about brokering the sale of a filter for food processing equipment. Id. at 759. Firstenberg located and arranged for Gray to purchase such a filter. Id. Gray found the filter inoperable and sued Firstenberg in Oregon. The Ninth Circuit concluded that the defendant had not purposefully availed itself of the privilege of doing business in Oregon. Id. at 760-761. The court concluded that Firstenberg's response to Gray's solicitation for a filter, telephone conferences with Gray, mailing an invoice to Gray, and receiving payment from Gray constituted only "attenuated contacts" with Oregon insufficient to establish personal jurisdiction. Id.

Here, Mercury had even fewer contacts with Oregon than Firstenberg did. Mercury did not have any contact with an Oregon party, and did not enter into a contract with an Oregon party; instead, Mercury acted as a buying agent for a New Jersey purchaser who is alleged to have later distributed products into Oregon. If Firstenberg's direct brokering of a sale by an Oregon party is not purposeful availment, then Mercury's actions as a buying agent dealing with non-Oregon parties certainly do not qualify. See also Amba Marketing Sys., Inc. v. Jobar Intern., Inc., 551 F.2d 784, 788-790 (9th Cir. 1977) (no specific personal jurisdiction by Arizona district court over California defendant who imported handbags that allegedly infringed plaintiff's trademarks and sold them to plaintiff's competitors); Cinalli v. Kane, 191 F. Supp. 2d 601, 611-612 (E.D. Pa. 2002) (Pennsylvania district court could not exercise specific personal jurisdiction over condominium vendors' and purchasers' out-of-state real estate agencies and

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST
MERCURY

agents, despite communications by facsimile, telephone, and mail made to plaintiff-purchasers in Pennsylvania, as property and defendants were located in New Jersey, material actions took place in New Jersey, and communications occurred in or emanated from New Jersey.).

As in the above cases, the Ninth Circuit and the District of Oregon have repeatedly refused to find personal jurisdiction even in cases where defendants had significantly <u>more</u> contact with the forum state than Mercury did.[1]  Mercury has had no contact with Oregon, and thus cannot have purposefully availed itself of the privilege of conducting activities here.

b.    <u>Mercury Had No Control Over the Subject Shoes.</u>

Furthermore, Mercury's legal inability to exert any control over the shoes after they were F.O.B. in China prevents a finding of purposeful availment.  "[W]hen the defendant cannot reasonably control his own vulnerability to suit, personal jurisdiction does not lie."  <u>Hylwa v. Palka</u>, 823 F.2d 310, 314 (9th Cir. 1987).  Mercury had no control over the shoes.

---

[1] <u>See</u>, <u>e.g.</u>, <u>Woodward v. Robinson</u>, No. CV 02-741-HA, 2003 WL 21087583 (D. Or. Mar. 26, 2003) (no purposeful availment by defendant who conducted initial negotiations and signed contract in Oregon with Oregon party); <u>Naumes, Inc. v. Alimentos Del Caribe</u>, 77 F. Supp. 2d 1158 (D. Or. 1999) (insufficient purposeful availment by Columbian defendant who formed one contract with Oregon seller of pears); <u>Newman v. Comprehensive Care Corp.</u>, 794 F. Supp. 1513 (D. Or. 1992) (no jurisdiction over defendant that engaged in national advertising, had three debt collection suits in Oregon, and 20 trust beneficiaries in Oregon); <u>A-DEC, Inc. v. Prof'l Equip. Mfg. Co.</u>, Civil No. 83-1118, 1983 WL 1944 (D. Or. 1983) (ordering of goods from Oregon company insufficient minimum contact); <u>Cascade Steel Rolling Mills, Inc. v. C. Itoh and Co. (America) Inc.</u>, 499 F. Supp. 829 (D. Or. 1980) (no minimum contacts despite visits by defendant's employees to steel mills in Oregon); <u>Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme</u>, 379 F.3d 1120 (9th Cir. 2004) (no purposeful availment by defendant who sent cease and desist letter to California party, had process served in California, and tried to get foreign court to force California party to perform actions in California); <u>Schwarzenegger</u>, 374 F.3d at 801 (personal jurisdiction not found where defendant imported cars from California entities, retained services of a California direct-mail marketing company, hired California sales training company, and maintained website accessible from California); <u>Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.</u>, 284 F.3d 1114 (9th Cir. 2002) (no minimum contacts by rice company despite employment of independent sales agent in California and 16 rice shipments into California); <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414 (9th Cir. 1997) (creation of web site accessible from forum state insufficient for purposeful availment); <u>Omeluk v. Langsten Slip & Batbyggeri A/S</u>, 52 F.3d 267 (9th Cir. 1995) (ship rebuilder did not purposefully avail itself of Washington state when it purchased electronic equipment and nets in-state and attended Christening of vessel in Washington); <u>Cas. Assurance Risk Ins. Brokerage Co. v. Dillon</u>, 976 F.2d 596 (9th Cir. 1992) (sending of allegedly libelous letter to insurance commissioner of forum jurisdiction insufficient minimum contact); <u>Reyes v. Riggs</u>, 878 F.2d 396 (Table), 1989 WL 71456 (9th Cir. June 26, 1989) (insufficient minimum contacts based on defendant's advertising in Oregon via national media, providing toll free phone number, and mailing brochure to Oregon resident); <u>Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica</u>, 614 F.2d 1247 (9th Cir. 1980) (insufficient contacts by defendant with California despite regular sale and purchase agreements with California plaintiff, payments into California, and regular contacts with plaintiff).

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST MERCURY

Meldisco/Footstar was entirely free to do whatever it liked with the shoes, including distribute them into any state. Mercury, therefore, could not reasonably control its own vulnerability to suit in Oregon. The Supreme Court, the Ninth Circuit, and the District of Oregon have refused to find personal jurisdiction in such circumstances. See, e.g., Hayden v. Shin-Etsu Handotai America, Inc., 80 F. Supp. 2d 1119, 1123 (D. Or. 1999) (citing with approval principle that "doing business at arms length with a company that in turn does business in the forum state is not a constitutionally cognizable contact for purposes of personal jurisdiction.") (internal quotation omitted); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980) (no personal jurisdiction over nonresident automobile distributor whose only tie to the forum resulted from a customer's decision to drive there); Kulko v. California Superior Court, 436 U.S. 84 (1978) (no jurisdiction over nonresident husband sued for child-support payments whose only affiliation with the forum arose from ex-wife's and daughter's decision to settle there); Hanson v. Denckla, 357 U.S. 235, 253 (1958) ("[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."); Hunt v. Erie Insurance Group, 728 F.2d 1244 (9th Cir. 1984) (no jurisdiction over nonresident insurer whose only affiliation with the forum arose from accident victim's decision to move there for treatment).

   c. Mercury Is Not Subject to Jurisdiction In Oregon
     By Virtue of the "Stream of Commerce."

  Finally, Mercury has not subjected itself to personal jurisdiction under a stream of commerce theory. Mercury never had title to any shoes in suit, and thus never introduced any product into the stream of commerce. Mercury acted merely as a buying agent to Meldisco, and neither manufactured nor distributed a product into the stream of commerce. Such a provision of intangible services does not subject a party to personal jurisdiction under the stream of

   DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST
MERCURY

commerce theory.  Cf. Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355,

1362 (Fed. Cir. 1998) (defendant-licensor of an allegedly infringing patent did not introduce

shoes into the stream of commerce by licensing technology to licensees).

Even if the stream of commerce theory were applicable, Mercury still has not

purposefully availed itself of the privilege of doing business in Oregon, as purposeful availment

in this context must involve "an action of the defendant purposefully directed toward the forum

State." Asahi Metal Indus. Co. v. Super. Ct., 480 U.S. 102, 112 (1987) (emphasis in original).

Merely placing an article into the stream of commerce is insufficient.  The Supreme Court

requires that the plaintiff must show additional conduct by the defendant:

> … for example, designing the product for the market in the forum State,
> advertising in the forum State, establishing channels for providing regular advice
> to customers in the forum State, or marketing the product through a distributor
> who has agreed to serve as the sales agent in the forum State.   But a defendant's
> awareness that the stream of commerce may or will sweep the product into the
> forum State does not convert the mere act of placing the product into the stream
> into an act purposefully directed toward the forum State.

Id. adidas cannot make such a showing here.  Mercury did not design the shoes for the market in

Oregon, has not established channels to provide advice to customers in Oregon, and maintains no

sales staff, employees, advertising, or offices in Oregon.  Even if Mercury had been aware that

the shoes might eventually be sold in Oregon—which it was not, see Rotella Dec., ¶ 14—there is

a complete absence of any additional conduct by Mercury which was purposefully directed at

that state.

The first prong of the specific jurisdiction test cannot be met, as Mercury has engaged in

no activities in or relating to Oregon.  Thus, it is impossible for the claim to arise out of

Mercury's activities in this state, and the second prong of the specific personal jurisdiction test is

also not satisfied.

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST
MERCURY

2.    **Exercising Jurisdiction Over Mercury in Oregon Would be Unreasonable.**

As adidas has failed to meet the burden of establishing personal jurisdiction under the first two factors of the Ninth Circuit test, Mercury does not need to establish that personal jurisdiction would not be reasonable. See, e.g., Schwarzenegger, 374 F.3d at 807 (after finding minimum contacts lacking, court ends analysis). Even so, exercising personal jurisdiction over Mercury would clearly not be reasonable in this case. There are seven factors that are used to determine whether jurisdiction is reasonable. These factors are: (1) the extent of Mercury's purposeful injection into Oregon's affairs; (2) the burden on Mercury of defending in Oregon; (3) the extent of conflict with the sovereignty of Massachusetts; (4) Oregon's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of Oregon to adidas' convenient and effective relief; and (7) the existence of an alternative forum. See Brand, 796 F.2d at 1075. These factors weigh against jurisdiction over Mercury.

Without separately addressing each factor, it is clear that exercising jurisdiction over Mercury is inappropriate. Mercury does not and has not participated in any activities in Oregon. The fact that other Defendants may have distributed allegedly infringing shoes into Oregon does not establish jurisdiction over Mercury. Mercury had no specific knowledge that Meldisco/Footstar might distribute goods into Oregon, and had no method of controlling them if they did. (Rotella Dec., ¶ 14). Furthermore, Mercury will be burdened by being forced to defend itself across the country in Oregon, where it has no offices, employees, customers, or contacts. It will have to bring its evidence and witnesses from Massachusetts, and its business will be disrupted, as managers and witnesses will need to travel across the country for the trial. Oregon's interest in adjudicating the dispute is not significant. Since Mercury does not engage

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST MERCURY

in any activities in Oregon, the exercise of personal jurisdiction over Oregon will do little to protect any other citizens of Oregon. Indeed, adidas has alleged that it has rights throughout the United States. (Third Amended Compl. at ¶¶ 14-29). adidas could just as easily bring any action against Mercury in Massachusetts. Taken together, the balance of these factors weighs in favor of finding that jurisdiction over Mercury in this District is unreasonable.

## II.     VENUE IS IMPROPER IN THIS DISTRICT.

Given that Mercury has no contacts in Oregon and has not directed its activities to this state, venue cannot be proper in Oregon as to any action against Mercury.

The Lanham Act has no special venue provision and thus the general venue statute is applicable. Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995). Under 28 U.S.C. § 1391(b), venue is proper "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Corporations reside where they are subject to personal jurisdiction. 28 U.S.C. § 1391(c).

As noted above, Mercury is not located in Oregon, and is not subject to jurisdiction here. Mercury does not sell any goods in Oregon, and has no customers in Oregon. Since adidas has alleged nationwide rights and a federal claim, it can hardly be said that Oregon is the site where substantial events giving rise to the claim occur. That adidas has a principal place of business in Oregon, and may have suffered injury here, is insufficient to make venue appropriate in Oregon. See Woodke, 70 F.3d at 985-986 (rejecting claim that venue in a trademark action is appropriate in location where plaintiff suffers the ultimate effect of passing off; "Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff."); Silver Valley

Partners, LLC v. de Motte, 400 F. Supp. 2d 1262, 1369 (W.D. Wash. 2005) (venue must "reflect defendants' activities, not those of plaintiffs").

Venue is appropriate where the defendants' actions took place, not where adidas may have suffered the harm of those actions. The events relating to Mercury's activities in this case occurred in Massachusetts, where Mercury performs its buying agent business, including the transactions involving the allegedly infringing shoes. Venue as to Mercury is proper in Massachusetts, where Mercury is incorporated and does business, not Oregon.

Similarly, adidas' state trademark claims cite the statutes of 35 different states. (Third Amended Complaint, ¶¶ 73, 75). Interestingly, Massachusetts is included in that list while Oregon is not. Id. Adjudication of these myriad non-Oregon state claims against Mercury is certainly not proper in Oregon.

///

///

///

///

///

///

///

///

///

///

///

///

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST
MERCURY

# CONCLUSION

For the above reasons, there is no personal jurisdiction over Defendant Mercury in Oregon, and venue is improper in this Court. Therefore, Mercury respectfully requests that the case against it be dismissed.

DATED this 5TH day of April, 2006.

HOLLAND & KNIGHT LLP

By: *Courtney C. Dippel*
    SETH H. ROW
    OSB #02184
    JOEL P. LEONARD
    OSB #96081
    COURTNEY C. DIPPEL
    OSB #02291
    Telephone: (503) 243-2300
    Facsimile: (503) 241-8014
    **Attorneys for Defendant Mercury**
    **International Trading Corporation**

WOLF, GREENFIELD & SACKS, P.C.
EDWARD PERLMAN
eperlman@wolfgreenfield.com
ILAN BARZILAY
ibarzilay@wolfgreenfield.com
HUNTER KEETON
hkeeton@wolfgreenfield.com
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646
Of Counsel for Defendant Mercury
International Trading Corporation

DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST
MERCURY

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing DEFENDANT MERCURY INTERNATIONAL TRADING CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT AGAINST MERCURY FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE on the following persons:

Christopher M. Hanes
Jere B. Swann
R. Charles Henn, Jr.
William H. Brewster
Kilpatrick Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
  Of Attorneys for Plaintiffs Adidas America,
Inc. and Adidas-Salomon AG

Stephen M. Feldman
Thomas R. Johnson
Perkins Coie, LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209
  Of Attorneys for Plaintiffs Adidas America,
Inc. and Adidas-Salomon AG

Craig D. Bachman
Kenneth R. Davis, II
Lane Powell, PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
  Of Attorneys for Defendants Footstar,
Incorporated and Elan Imports Co., Inc.

by the following indicated method or methods:

☒   by CM/ECF electronically mailed notice from the Court on the date set forth below.

☒   by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐   by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐   by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, the last-known office.

☐   by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED this 5th day of April, 2006.

Courtney C. Dippel

# 3696967_v1

CERTIFICATE OF SERVICE