IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADIDAS AMERICA, INC. and,                                   05-CV-120-ST
ADIDAS-SALOMON, AG,

        Plaintiffs,                                        ORDER

v.

KMART CORPORATION; FOOTSTAR
INC.; MERCURY INTERNATIONAL
TRADING CORP.; ELAN IMPORTS CO.,
INC.; NEXTTEC INTERNATIONAL, INC.;
and INNOVATIVE CUSTOM BRANDS
INTERNATIONAL, INC.,

        Defendants.

STEPHEN M. FELDMAN
THOMAS R. JOHNSON
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
(503) 727-2000

JERRE B. SWANN

1 - ORDER

**WILLIAM H. BREWSTER**
**R. CHARLES HENN, JR.**
**CHRISTOPHER M. HANES**
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA  30309
(404) 815-6500

        Attorneys for Plaintiffs

**CRAIG D. BACHMAN**
**KENNETH R. DAVIS, II**
Lane Powell PC
601 S.W. Second Avenue, Suite 2100
Portland, OR  97204-3158
(503) 778-2100

        Attorneys for Defendants KMart Corporation and
        Footstar, Inc.

**BROWN, Judge.**

    Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#186) on June 15, 2006, in which she recommended the Court deny the Motion for Summary Judgment (#42) filed by Defendants KMart and Footstar and deny Plaintiffs' Motion for Partial Summary Judgment (#104).  Plaintiffs, KMart, and Footstar filed timely objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v.*

2 - ORDER

*Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).  Because the objecting parties arranged for the transcription of the record pursuant to Fed. R. Civ. P. 72(b), the Court reviewed a transcript of the proceedings on these Motions before the Magistrate Judge as part of the Court's *de novo* review.  See *Spaulding v. Univ. of Wash.*, 686 F.2d 1232, 1235 (9th Cir. 1982).

In the Findings and Recommendation issued June 15, 2006, Magistrate Judge Stewart found KMart and Footstar are not barred from raising a laches defense on the ground that Plaintiffs delayed "in seeking to enforce the Three-Stripe Mark."  Magistrate Judge Stewart, however, concluded material issues of disputed fact preclude the Court from granting summary judgment on the issue of laches.

On August 16, 2006, Plaintiffs, KMart, and Footstar filed supplemental briefing regarding the Ninth Circuit's July 19, 2006, decision in *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975 (9th Cir. 2006).  KMart and Footstar contend *Miller* undermines Magistrate Judge Stewart's recommendation on the issue of laches.

In *Miller*, the plaintiffs had "participated in the administration of [the defendant's business]" since 1979; had been shareholders in the defendant's business since 1992 and

3 - ORDER

1993; had received yearly financial information about the defendant's business, including information that would alert the plaintiffs to the defendant's allegedly infringing activities since they became shareholders; had been opposed twice by the defendant in their applications for a trademark due to likelihood of confusion with the defendant's trademarked name in 1999 and 2001; and conceded they learned there was more than one Glenn Miller Orchestra in 2000 or 2001.  454 F.3d at 984-86.  The plaintiffs, however, failed to file an action for trademark infringement against the defendant until June 22, 2003.  *Id*. at 986.  The Ninth Circuit concluded the plaintiffs were barred by the doctrine of laches from taking legal action to prohibit the defendant from using the name "Glenn Miller Productions" because the record contained "undisputed evidence establishing that [the plaintiffs] should have known of [the defendant's] allegedly infringing activities well beyond the statutory period for bringing suit."  *Id*. at 978.

Here the record contains conflicting evidence as to when adidas became aware of the allegedly infringing activities of KMart and Footstar.  Plaintiffs testify in declarations that they did not become aware of the allegedly infringing activities until January 2005, and Plaintiffs filed this action on January 26, 2005.  Defendants contend they have sold shoes with the allegedly infringing designs since the 1970s, and Plaintiffs should have

been aware of these sales.  As Magistrate Judge Stewart noted, however, a trademark owner is "not required to constantly monitor every nook and cranny of the entire nation and to fire both barrels of [its] shotgun instantly upon spotting a possible infringer."  *See Cullman Ventures, Inc. v. Columbian art Works, Inc.*, 717 F. Supp. 96, 127 (S.D.N.Y. 1989).  In addition, unlike the plaintiffs in *Miller*, Plaintiffs here were not shareholders, business partners, or even business associates of KMart or Footstar.

Thus, this Court concludes the facts of *Miller* are distinguishable from this matter, and, therefore, the decision in *Miller* does not undermine Magistrate Judge Stewart's findings or her recommendation on the issue of laches.

Accordingly, after reviewing the pertinent portions of the record *de novo*, the Court does not find any error in the Magistrate Judge's Findings and Recommendation and, therefore, adopts Magistrate Judge Stewart's Findings and Recommendation without modification.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation (#186).  Accordingly, the Court **DENIES** the Motion for Summary Judgment (#42) filed by Defendants KMart and Footstar

5 - ORDER

and **DENIES** Plaintiffs' Motion for Partial Summary Judgment (#104).

 IT IS SO ORDERED.

 DATED this 7th day of September, 2006.

       /s/ Anna J. Brown
       _____
       ANNA J. BROWN
       United States District Judge

6 - ORDER